# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| ANNE NEWBOLD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFERSON CAPITAL SYSTEMS LLC<br><br>Defendant. | Civil Case No.: 3:25-cv-00002 |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

The parties Anne Newbold ("Plaintiff") and Jefferson Capital Systems, LLC ("Defendant") submit the following report.

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

    The parties conferred pursuant to Fed. R. Civ. P. 26(f) on March 25, 2025 and the conference was attended by Anthony Paronich and Andrew Perrong for the Plaintiff and Brian D. Roth for the Defendant.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court**.

    None.

3. **Briefly describe what this case is about.**

    The Plaintiff has alleged that the Defendant has violated the Telephone Consumer Protection Act, specifically 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a

cellular telephone service in connection with calls placed to wrong or reassigned cellular telephone numbers.

4. **Specify the allegation of federal jurisdiction.**

This Court has jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331 as the TCPA relates to a federal question.

5. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The Plaintiff anticipates that discovery will be needed on the requisites of FED. R. CIV. P. 23 to support his anticipated motion for class certification as well as on the merits of Plaintiff's claim to prepare for trial, or to oppose any summary judgment motion the Defendants may file. Plaintiff intends to seek discovery from Defendant or any identified third parties pertaining to (1) ESI regarding the alleged calls at issue in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor that may have made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and its responses thereto as the Plaintiff is currently seeking to represent the following class:

> Robocall Class: All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified (2) received one or more calls on their cellular telephone or any other protected telephone service (3) from or on behalf of Defendant, (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.

6. **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

   The parties agree that limited electronically stored information ("ESI") will likely be produced in this case. The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court.

   The parties will produce ESI in its native form or in unitized, fixed image format (e.g., .pdf ).

   The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendant shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendant shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff or Defendant determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach an agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the parties cannot reach an agreement, Plaintiff or Defendant may raise the issue with the Court in accordance with the Federal Rules of Civil Procedure, Local Rules and/or any other orders of the Court.

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The parties shall confer regarding the terms of such a protective order and will endeavor to reach agreement on those terms. If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order may raise the issue with the Court in accordance with the Federal Rules of Civil Procedure, Local Rules and/or any other orders of the Court.

7. **What changes should be made in the limitations on discovery imposed under the Fed. R. Civ. Pro. or by local rule, and what other limitations should be imposed.**

The parties agree there should be no changes or deviations from the Federal Rules of Civil Procedure or Local Rules of this Court concerning limitations on discovery.

8. **Electronic service.**

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to

the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

9. **Pre-Trial Schedule and Proposed Scheduling Deadlines**

   1. **Amending the Pleadings and Adding Parties:** June 2, 2025
   2. **Initial Expert Disclosure Deadline:** September 8, 2025
   3. **Rebuttal Expert Deadline:** October 13, 2025
   4. **All discovery cutoff:** November 17, 2025
   5. **Dispositive Motions Deadline, including Class Certification:** January 26, 2026

10. **Length of Trial**

    The parties believe that if a class is certified, trial will last approximately 5 days, and if it is not, then 1-2 days.

11. **Magistrate Judge.**

    The parties do not consent to a Magistrate Judge.

Dated: March 25, 2025            PLAINTIFF, individually and

on behalf of others similarly situated,

By:

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

DEFENDANT,

*/s/ Brian D. Roth*
Brian D. Roth (pro hac vice)
Sessions, Israel & Shartle, LLC
3838 N. Causeway Blvd, Suite 2800
Metairie, LA 70002
(504) 828-3700
broth@sesssion.legal
-and-
Timothy B. Georg, Jr. (96249)
Reminger Co., L.P.A.
730 West Main Street, Suite 300
Louisville, KY 40202
(502) 625-7308
tgeorge@reminger.com

Counsel for Defendant,
Jefferson Capital Systems, Inc.