**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:25-CV-00002-GNS-CHL**

**ANNE NEWBOLD,**                                                         **Plaintiff,**

**v.**

**JEFFERSON CAPITAL SYSTEMS LLC,**                         **Defendant.**

**SCHEDULING ORDER**

A telephonic scheduling conference was conducted in this action on April 28, 2025. Andrew Roman Perrong participated on behalf of Plaintiff. Brian D. Roth; Timothy B. George, Jr. participated on behalf of Defendant.

The Court has reviewed the joint report submitted by the Parties of their proposed litigation plan (DN 20), has considered the statements by counsel during the conference, and, pursuant to Fed. R. Civ. P. 16, does **HEREBY ORDER AND ADJUDGE AS FOLLOWS:**

(1) The Parties shall exchange their initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before **May 2, 2025**. The Parties are under a continuing duty to supplement their disclosures and responses as required by Rule 26(e) whenever necessary during the entire course of this litigation. Supplementations shall be made within thirty days of first learning of the need to supplement, but **no later than September 19, 2025.**

**The Parties are hereby informed that no witness not previously disclosed as one likely to have discoverable information under Fed. R. Civ. P. 26(a)(1)(A)(i), and no exhibit which has not been provided under Fed. R. Civ. P. 26(a)(1)(A)(ii), shall be allowed on the final witness and exhibit list, unless the failure was substantially justified or is harmless.** The Court will order the filing of final witness and exhibit lists when this case is set for trial.

(2)     **No later than September 8, 2025**, counsel shall disclose the identity of any person who may be used at trial to provide initial expert testimony under Fed. R. Civ. P. 26(a)(2)(A) and shall submit written reports from any expert witnesses who are retained or specially employed as required by Fed. R. Civ. P. 26(a)(2)(B).

(3)     **No later than November 17, 2025**, counsel shall disclose the identity of any person who may be used at trial to provide rebuttal expert testimony under Fed. R. Civ. P. 26(a)(2)(A) and shall submit written reports from any expert witnesses who are retained or specially employed as required by Fed. R. Civ. P. 26(a)(2)(B).

(4)     **No later than June 2, 2025**, counsel for the Parties shall file all motions to join additional parties and motions to amend the pleadings.

(5)     **No later than November 17, 2025,** the Parties shall complete all discovery. All written discovery requests shall be submitted to the opposing Parties so that the due date is in advance of the discovery deadline. The limitations placed on discovery by the Parties as set out in their joint report are hereby adopted by the Court. **Motions pertaining to unresolved discovery and scheduling disputes may not be filed without first having a joint telephonic conference with the Magistrate Judge arranged through his case manager, Theresa Burch, at theresa_burch@kywd.uscourts.gov. Counsel shall include a short, non-argumentative statement regarding the general nature of the dispute (e.g. "Counsel would like to discuss the sufficiency of Plaintiff's/Defendant's responses to written discovery") but shall refrain from including substantive legal arguments or lengthy recitations of the facts underlying the dispute.**

**Any agreed amendments to the Scheduling Order shall be submitted to the Court in the form of an agreed order. ALL MOTIONS PERTAINING TO DISCOVERY**

**SHALL BE FILED NO LATER THAN FIFTEEN (15) DAYS AFTER THE CLOSE OF ALL DISCOVERY.**

**Non-waiver of attorney-client privilege or work-product protection.** Pursuant to Fed. R. Evid. 502(d), neither the attorney-client privilege nor work-product protection are waived by disclosure connected with this litigation. Further, the disclosure in this action shall not operate as a waiver in any other federal or state proceeding. As defined in Fed. R. Evid. 502(g), "attorney-client privilege" means the protection that applicable law provides for confidential attorney-client communications; and "work-product protection" means the protection that applicable law provides for tangible material (or its intangible equivalent) prepared in anticipation of litigation or for trial.

Unless otherwise agreed to by counsel, the use of all deposition testimony shall be governed by Fed. R. Civ. P. 32, and all depositions taken for trial purposes only shall be completed no later than 60 days prior to trial.

(6) **No later than January 26, 2026**, counsel for the Parties shall file all dispositive motions. This same date is the filing deadline for motions related to the admissibility of expert testimony pursuant to Federal Rule of Evidence 702 (<u>Daubert</u> motions).

(7) All other limitations set forth in the Report of Parties' Planning Meeting (DN 20), to the extent they are not inconsistent with this Order, are incorporated herein.

(8) This matter is set for a telephonic status conference before the undersigned on **October 21, 2025, at 10:00 AM ET**.[1] Counsel for the Parties shall connect to the conference by

---

[1] Counsel is advised that the Court is setting this conference telephonically as a convenience to and cost-saving measure for the Parties. But the telephonic conference is still a court proceeding for which the Court expects counsel to appear on time. Counsel is cautioned that non-appearance may result in the proceeding being rescheduled for an in-person conference that client representatives must attend and/or the issuance of sanctions pursuant to Fed. R. Civ. P. 16(f).

dialing 1-650-479-3207 and entering access code 2319 759 1660. Attendees should press # to skip entry of an attendee or host code.  Counsel shall be prepared to discuss whether they have completed sufficient discovery to participate in a productive settlement conference.

(9)     The undersigned is conducting settlement conferences both via Zoom and in person.  The undersigned also remains available to conduct *ex parte* calls regarding settlement upon request.  Any Party who wishes to request either a settlement conference or an *ex parte* call regarding settlement shall e-mail the undersigned's Case Manager, Theresa Burch, at theresa_burch@kywd.uscourts.gov, copying all counsel of record, to request the same.  If requesting a settlement conference, the Parties shall confer and state in any request whether they prefer the conference be held in person or via Zoom.

(10)    New attorneys often do not have many opportunities to appear and argue in court despite how valuable that experience can be during their early career.  Judge Lindsay strongly encourages all attorneys and their clients to provide substantive speaking opportunities to less experienced attorneys.  To encourage such opportunities, while oral argument is often unnecessary to resolve motions, Judge Lindsay will hold oral argument on a motion that has been submitted to him if the requesting party will commit to entrusting the argument to an attorney who graduated from law school no more than seven years ago. Any party requesting oral argument shall do so via e-mail to Judge Lindsay's Case Manager, Theresa Burch, at theresa_burch@kywd.uscourts.gov and shall copy opposing counsel on the request.

April 30, 2025

Colin H Lindsay, Magistrate Judge
United States District Court

cc:     Counsel of Record
0|10